**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| DAVID WINNETT; SUSAN JACOBSON BAILEY; LOLITA SCOTT, JEREMY SCOTT, ASHLEY COMBS, as next friend of LXXX SXXXX, a minor; JUAN SILVA; MORGAN OLNEY and MICHAEL RANGEL, Individually and as Next Friends of M. R., a minor; SIDNEY GARCIA, individually and as next friend of EFREN GARCIA; SHARON VORHEIER; VERONICA CASTRO and ALEJANDRO PASTRANO, individually and as next friend of  H.P., a minor; CANDACE KEEN and GEORGE R. KEEN III as next friend of E.K., a minor; ERNEST MOLINA; JACLYN ANDRADA and JASON ANDRADA, Individually and as Next Friends of R. A., a minor; MELISSA MIKULEC; CANDACE HORTON, Individually and as next friend of PAMELA STEEL; and JESSICA WILMORE, Individually and as next friend of J.W.; on behalf of themselves and others similarly situated | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. **20-1155** |
| | § | |
|       Plaintiffs, | § § | |
| | § | |
| V. | § § | |
| | § | |
| BRANNON R. FRANK, M.D.; BINH PHAM, M.D.; AUSTIN GASTROENTEROLOGY, P.A. D/B/A AUSTIN GASTROENTEROLOGY BAILEY SQUARE; ELIZABETH MOOREHEAD, M.D.; AUSTIN RADIOLOGICAL ASSOCIATION D/B/A ARA DIAGNOSTIC IMAGING; MANGESH BHATTA, M.D.; AUSTIN REGIONAL CLINIC, P.A.; AUSTIN REGIONAL CLINIC; DEBORAH KAY COUNTIE, M.D.; DONALD KREAG MURPHEY, M.D.; TAJ M. KHAN, M.D.; PEDS INTENSIVISTS OF AMERICA, PLLC; MICHAEL GENNRICH, M.D.; CENTRAL TEXAS MEDICAL CENTER; ADVENTIST HEALTH SYSTEM/SUNBELT, INC.; | § § § § § § § § § § § § § § § § § § § | **COMPLAINT FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. §2201 AND INJUNCTIVE RELIEF** |

AUSTIN RADIOLOGICAL ASSOCIATION;     §
ARA DIAGNOSTIC IMAGING; SHANKAR      §
ARUL, M.D.; DAVID J. SHAW, M.D.; ST.     §
DAVID'S HEALTHCARE PARTNERSHIP,      §
L.P., LLP D/B/A ST. DAVID'S     §
GEORGETOWN HOSPITAL; GEORGETOWN §
OB-GYN UNIFIED, PLLC; JOHN V.     §
SHERMAN, M.D.; METHODIST HEALTH      §
CENTERS; HOUSTON METHODIST SUGAR §
LAND HOSPITAL; CULLEN ANDREW     §
HEBERT M.D.; MILES GRIFFIN, NP;     §
AMARI C. THOMAS, NPC; TMH     §
PHYSICIANS ASSOCIATES, PLLC;     §
RONALD BAKER KING, JR., M.D.; JOHN      §
RUSSELL BRENNER, D.O.; STAR     §
ANESTHESIA P.A.; USAP (TEXAS), LC;     §
US ANESTHESIA PARTNERS OF TEXAS,     §
P.A.; STAR ANESTHESIA, PLLC; STAR     §
ANESTHESIA ASSOCIATES, P.L.L.C.;     §
CHRISTUS SANTA ROSA HEALTH CARE     §
CORPORATION D/B/A CHRISTUS SANTA      §
ROSA HOSPITAL—WESTOVER HILLS;     §
ANGELA AKONYE, M.D.; WOMEN'S     §
CENTER OF WESTOVER HILLS, PLLC;     §
AMY GONZALEZ, M.D.; RENE PEREZ,     §
M.D.; ALAMO WOMEN'S OBSTRETRICS      §
AND GYNECOLOGY, PLLC; VHS SAN     §
ANTONIO PARTNERS, LLC D/B/A NORTH      §
CENTRAL BAPTIST HOSPITAL; MARK E.      §
THOMPSON, M.D.; NORTHEAST OB/GYN      §
ASSOCIATES, PLLC; CHRISTUS SPOHN      §
HOSPITAL CORPUS CHRISTI—SHORELINE;§
CHRISTUS SPOHN HEALTH SYSTEM     §
CORPORATION; HERIBERTO TEJADA,      §
M.D.; YVONNE MANALO, M.D.; CHRISTUS §
SANTA ROSA HEALTH CARE     §
CORPORATION D/B/A CHRISTUS SANTA      §
ROSA HOSPITAL-NEW BRAUNFELS;     §
MARY E. GELDERNICK, M.D.;     §
NEURODIAGNOSTIC TEX, LLC; GERARD      §
POCHE, M.D.; CENTER FOR     §
NEUROLOGICAL DISORDERS, P.A.; CHI      §
ST. LUKE'S HEALTH MEMORIAL     §
MEDICAL CENTER – LUFKIN; BAYLOR      §
COLLEGE OF MEDICINE; RACHAEL     §
SULLIVAN, M.D; TYLER REGIONAL     §

HOSPITAL, LLC, D/B/A UT HEALTH          §
TYLER; RALPH J. TURNER, M.D.; ZEID      §
WOMEN'S HEALTH CENTER, LTD.;            §
HON. DARLENE BYNRE, Judge, 126th        §
Judicial District Court, Travis County, Texas;  §
HON. AMY CLARK MEACHUM, Judge, 201st §
Judicial District Court, Travis County, Texas;  §
HON. DUSTIN M. HOWELL, Judge, 200th     §
Judicial District Court, Travis County, Texas;  §
HON. JAN SOIFER, Judge, 345th Judicial  §
District Court, Travis County, Texas; and HON. §
LORA LIVINGSTON, Judge, 261st Judicial  §
District Court, Travis County, Texas;   §
                                        §
        Defendants                      §


I.    **INTRODUCTION**

        1.      This is a federal constitutional challenge by Texas medical malpractice

victims to the Texas statutory cap on non-economic damages in health care liability actions,

Tex. Civ. Prac. & Rem. Code Ann. § 74.301-02. Defendants are (a) the health care

providers who will seek to enforce the damage cap challenged herein as defendants in the

health care liability actions filed by the named plaintiffs in this suit and (b) judges presiding

in some of these medical malpractice trials who, absent the relief sought here, will have

the absolute, non-discretionary duty to apply the non-economic damage cap of §§ 74.301

and 74.302 to any damage award that exceeds the cap amount. Upon information and

belief, the Office of the Texas Attorney General will represent the judicial defendants and

will be served, in addition to service on the defendants, pursuant to Fed. R. Civ. P. 5.1.

        2.      The plaintiffs, on behalf of themselves and the class they represent, seek a

declaration that the non-economic damage caps of §§ 74.301 and 74.302 violates the

Seventh Amendment, by altering the jury's factual determination of appropriate

compensatory damages, a part of the function of juries at common law since before and at the time our Constitution and Bill of Rights were ratified and thereby rendering the jury verdict merely advisory, and by failing to preserve the substance of the common-law right of trial by jury.

3.    They further seek a declaration that the Seventh Amendment's Preservation Clause applies to the States through the Fourteenth Amendment.

## II.    STATUTORY PROVISIONS AT ISSUE

4.    Tex. Civ. Prac. & Rem. Code § 74.301 provides:

(a) In an action on a health care liability claim where final judgment is rendered against a physician or health care provider other than a health care institution, the limit of civil liability for noneconomic damages of the physician or health care provider other than a health care institution, inclusive of all persons and entities for which vicarious liability theories may apply, shall be limited to an amount not to exceed $250,000 for each claimant, regardless of the number of defendant physicians or health care providers other than a health care institution against whom the claim is asserted or the number of separate causes of action on which the claim is based.

(b) In an action on a health care liability claim where final judgment is rendered against a single health care institution, the limit of civil liability for noneconomic damages inclusive of all persons and entities for which vicarious liability theories may apply, shall be limited to an amount not to exceed $250,000 for each claimant.

(c) In an action on a health care liability claim where final judgment is rendered against more than one health care institution, the limit of civil liability for noneconomic damages for each health care institution, inclusive of all persons and entities for which vicarious liability theories may apply, shall be limited to an amount not to exceed $250,000 for each claimant and the limit of civil liability for noneconomic damages for all health care institutions, inclusive of all persons and entities for which vicarious liability theories may apply, shall be limited to an amount not to exceed $500,000 for each claimant.

5.    Tex. Civ. Prac. & Rem. Code § 74.302(a) contains a cap identical to that of Section 74.301 that would take effect "[i]n the event that Section 74.301 is stricken from

this subchapter or is otherwise to any extent invalidated by a method other than through legislative means." The only difference between Sections 74.301 and 74.302 is that the "alternative" cap of Section 74.302 provides, whereas the "primary" cap of Section 74.301 does not provide, for a stepwise series of requirements, beginning in 2005 and escalating through 2007, for minimum professional liability insurance coverage of persons or entities wishing to avail themselves of the cap.

III.    **JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the federal questions raised in this Complaint under 28 U.S.C. §§ 1331 and 2201.

7.      This Court has jurisdiction over the allegations of this Complaint under 28 U.S.C. § 1343(a)(3), which opens the federal courts to "any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law . . . , of any right, privilege or immunity secured by the Constitution of the United States[.]"

8.      This action is authorized by 42 U.S.C. § 1983, under which any person aggrieved by the violation of federal constitutional rights under color of state law may file a civil action in federal court for monetary, declaratory or injunctive relief. The plaintiffs have no adequate remedy at law for the continuing violations of the federal Constitution alleged herein.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b), and in this Division under 28 U.S.C. § 124(c)(4), because one or more named plaintiffs and one or more named defendants reside here.

**IV.    DECLARATORY JUDGMENT ACT ALLEGATIONS**

10.    Under 28 U.S.C. §§ 2201 and 2202, this Court has the power to order declaratory relief even if no other relief is requested or granted. The plaintiffs desire a judicial determination of their legal rights with respect to H.B. 4's damage cap under the Constitution of the United States.

11.    The declaratory relief requested in this Complaint is necessary and appropriate at this time because the statutory caps at issue have a direct and immediate impact on the plaintiffs at the threshold of medical malpractice litigation and at every subsequent stage of such proceedings. Whether the cap will apply to a jury trial award affects decisions a plaintiff must make as early as possible, *inter alia,* about the likely extent of recovery in a case, the likely cost of proof relative to that recovery, the extent of justifiable outlays for expert witnesses and other expenses of the presentation of evidence that is often highly technical and extremely costly to acquire, and the evaluation of any settlement offers against those factors and against the impact, if any, of the cap. In short, the cap has an enormous impact on every pretrial and trial decision in cases to which it applies, beginning with the decision whether to sue at all.

12.    The impact of applicable caps on damages, as described above, and the valid allegations made in this Complaint that the cap infringes the constitutional right of trial by jury of litigants in whose cases it applies, give rise to an actual controversy between the parties that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## V.    PARTIES

### A.    Plaintiffs

13.    Plaintiff David Winnett of Comal County, Texas, has filed suit in the 126th District Court of Travis County, Texas, alleging that he was permanently paralyzed as a result of a post-operative epidural hematoma that was not timely evacuated. The alleged culpable defendant is Brannon R. Frank, MD.  The allegations against Dr. Frank include (i) negligent failure to order discontinuance of an anti-platelet medication (aspirin) prior to surgery, (ii) negligent failure to postpone the surgery upon learning that aspirin had not been discontinued, (iii) negligent performance of the surgery during which  spinal cord stimulator leads were placed in Mr. Winnett's thoracic epidural space, and  (iv) negligence in failing to properly respond to post-operative loss of sensation and movement in Mr. Winnett's legs resulting in a delay in surgical evacuation of the hematoma. The lawsuit also includes a non-health care liability claim against Boston Scientific Corporation, alleging negligence by its representative in failing to de-activate the current to the spinal cord stimulator leads. This negligence did not contribute to Mr. Winnett's paralysis but allegedly only caused temporary increased pain when the leads were removed prior to the evacuation surgery.  *See* Winnett Third Amended Petition, Exhibit 1. The nature, severity, and extent of Mr. Winnett's medical injuries give rise to the reasonable expectation that a jury will award Mr. Winnett substantially more than $250,000 in non-economic damages in connection with his claim against Dr. Frank. *See* Declaration of Eugene W. Brees, Counsel for David Winnett, Exhibit 2, and Expert Witness reports of Drs. Zachary McCormick and Nandan Lad, Exhibit 3.

14.    Plaintiff Susan Jacobson Bailey suffered from severe sepsis, multi-organ failure, pleural effusions, an abdominal abscess, and required a Whipple Procedure and an

end-to-end hepaticojejunostomy during treatment in Travis County, Texas in 2018 due to a failure to identify and timely treat a perforation of her duodenum and common bile duct. She required 16 weeks of hospitalization, most of it in intensive care, followed by several weeks of rehabilitation. The petition, timely filed in the 201st Judicial District Court in Travis County, Texas in 2020, alleges the negligence of Binh Pham, MD, of Travis County, Texas; the responsible employees at Austin Gastroenterology, P.A. d/b/a Austin Gastroenterology Bailey Square, of Travis County, Texas; Elizabeth Moorehead, MD, of Travis County, Texas; the responsible employees at Austin Radiological Association d/b/a ARA Diagnostic Imaging, of Travis County, Texas; and Mangesh Bhatta, MD, of Travis County, Texas. *See* Bailey Original Petition, Exhibit 4. Susan Bailey's underlying health care liability action is now pending before the Honorable Amy Clark Meachum. The nature, severity and extent of Susan Bailey's medical injuries and the harms to her quality of life give rise to the reasonable expectation that a jury will award her substantially more than $250,000 in non-economic damages. *See* Declaration of Hartley Hampton, Counsel for Plaintiff Susan Jacobson Bailey, Exhibit 5, and Expert Witness Reports of Lennard A. Nadalo, MD, FACR, Curtis J. Wray, M. D., M.S., FACS, RJ Sealock, MD, and J. Jordan Romano, DO, Exhibit 6.

15.     Lolita Scott, Jeremy Scott, Ashley Combs, as next friend of LXXX SXXXX, a minor, of Travis County, Texas, filed suit in the 200th District Court of Travis County, Texas, alleging that the minor child sustained severe, permanent neurological injuries, including incontinence of bowel and bladder, as a result of Defendants' failure to diagnose and timely treat a dural sinus tract at the bottom of his spine. The child developed meningitis and spinal abscesses as a result of Defendants' negligent failure to remove the

sinus tract, resulting in emergent neurosurgery to preserve neurological function. Defendants include Austin Regional Clinic, P.A., Austin Regional Clinic, Deborah Kay Countie, M.D., Donald Kreag Murphey, M.D., Taj M. Khan, M.D., Peds Intensivists of America, PLLC, and Michael Gennrich, M.D.  *See* Plaintiffs' Sixth Amended Petition, Exhibit 7.  The nature, severity, and extent of the minor child's medical injuries and give rise to the reasonable expectation that a jury will award him substantially more than $250,000 in non-economic damages.  *See* Declaration of Christopher G. King, Counsel for Plaintiffs Lolita Scott, Jeremy Scott, Ashley Combs, as next friend of LXXX SXXXX, a Minor, Exhibit 8, and Expert Witness reports of Drs. Mark Lee and Stephen Nelson, MD. Exhibit 9.

16.    Plaintiff Juan Silva alleges that he suffered paralysis of his legs and neurogenic bowl and bladder due to a failure to identify and treat his T9–10 perched facet joints after a CT myelogram in Travis County, Texas in 2017. The petition, timely filed in the 345th Judicial District Court in Travis County, Texas in 2019, alleges the negligence of doctors, nurses, and responsible employees at Central Texas Medical Center of Hays County, Texas; Adventist Health System/Sunbelt, Inc. of Dallas County, Texas; Austin Radiological Association, ARA Diagnostic Imaging, Shankar Arul, M.D., and David J. Shaw, M.D., all of Travis County, Texas, in fundamental failures of diagnosis, communication, intervention, and care of Mr. Silva's anterior subluxation with perched facet joints at T9/10, including the time-sensitivity of the matter and failure to immediately refer Mr. Silva for surgery.  *See* Silva Original Petition, Exhibit 10.  Mr. Silva's underlying health care liability action is now pending before the Honorable Jan l.  The nature, severity and extent of Mr. Silva's medical injuries and the harms to his family relationship and

quality of life give rise to the reasonable expectation that a jury will award Mr. Silva substantially more than $250,000 in non-economic damages. *See* Declaration by Andrew Holcomb, Counsel for Plaintiff Juan Silva, Exhibit 11, and Expert Witness Report of Dr. Daryl R. Fanney, M.D., Exhibit 12.

17.     Plaintiffs Morgan Olney and Michael Rangel, Individually and as Next Friend of M. R., a minor, allege that their son developed hypoxic ischemic encephalopathy as a result of the mismanagement of Morgan Olney's labor, including the negligent failure to discontinue or reduce the Pitocin infusion, exceeding the maximum dosage rate permitted by the Pitocin orders, and failure to timely call for the presence of a neonatologist or neonatal nurse practitioner at delivery in Williamson County, Texas in 2016. The petition, timely filed in the 261st Judicial District Court in Travis County, Texas in 2018, alleges the negligence of doctors, nurses and responsible employees at St. David's Healthcare Partnership, L.P., LLP d/b/a St. David's Georgetown Hospital, of Williamson County, Texas; the responsible employees of Georgetown OB-GYN Unified, PLLC, of Williamson County, Texas; and John V. Sherman, M.D., of Williamson County, Texas, in fundamental failures to manage Morgan Olney's labor and prepare for M.R.'s severe medical needs. *See* Olney and Rangel Original Petition, Exhibit 13. Olney's and Rangel's underlying health care liability action is now pending before the Honorable Lora Livingston. The nature, severity, and extent of M.R.'s medical injuries and the harm to his quality of life give rise to the reasonable expectation that a jury will award him substantially more than $250,000 in non-economic damages. *See* Declaration by Sean Lyons, Counsel for Plaintiffs Morgan Olney and Michael Rangel, Individually and as Next Friend of M. R., a minor, Exhibit 14 and Expert Witness Reports of James Balducci, M.D., Donald M.

Null, Jr. MD, Tina Di Fiore, MSN, APRN, NNP-BC, Michelle T. Wegner BSN, RNC-EFM, Gordon Sze, MD, and L. Justin Gayle, MD, FACOG, Exhibit 15.

18.      Plaintiff Sidney Garcia, individually and as next friend of Efren Garcia, alleges that Efren Garcia suffered from acute multifactorial encephalopathy and critical illness polyneuropathy during treatment in Fort Bend County, Texas in 2018 due to a failure to identify or timely treat his pneumonia. The petition, timely filed in the 434th Judicial District Court in Fort Bend County Texas in 2019, alleges the negligence of doctors, nurses and responsible employees at Methodist Health Centers and Houston Methodist Sugar Land Hospital, both of Dallas County, Texas; Cullen Andrew Hebert M.D, of Fort Bend County, Texas; Miles Griffin, NP and Amari C. Thomas, NP-C, both of Harris County, Texas; and TMH Physicians Associates, PLLC of Dallas County, Texas, in fundamental failures of diagnosis, communication, intervention and care of Efren Garcia's respiratory distress, including failure to monitor his respiratory condition, which included progressive hypoxia, increasing oxygen needs, and general deterioration of his lung function; and failure to respond by administering proper medication and managing his airway with respiratory support. *See* Garcia First Amended Original Petition, Exhibit 16. Garcia's underlying health care liability action is now pending before the Honorable James H. Shoemake. The nature, severity and extent of Efren Garcia's medical injuries and the harms to his family relationship and quality of life give rise to the reasonable expectation that a jury will award the Garcias substantially more than $250,000 in non-economic damages. *See* Declaration by Andrew Holcomb, Counsel for Plaintiff Sidney Garcia, individually and as next friend of Efren Garcia, Exhibit 17, and Expert Witness Report of Dr. Ian H. Newmark, M.D., FACP, FCCP, Exhibit 18.

19.    Plaintiff Sharon Vorheier alleges that she suffered a failed airway and must use a trach tube for the rest of her life as a result of the maladministration of surgical anesthesia in Bexar County, Texas in March 2019. Ms. Vorheier was given general anesthesia, including propofol and sevoflurane, for an elective right shoulder surgery, without consideration of less invasive anesthetic options and despite her preoperative history of anesthesia complications and a difficult airway that required awake intubation. Intubation was mishandled and Ms. Vorheier was given more sedatives, further compressing her breathing. A tracheotomy was performed and Ms. Vorheier was sent to the ICU with a trach tube in place, which she lives with to this day, causing frequent infections and the development of granules in her trach. She will likely need to keep the trach tube in place for the rest of her life. Ms. Vorheier timely filed suit in the 407th District Court of Bexar County, Texas in 2020, alleging medical negligence against Ronald Baker King, Jr., M.D. and John Russell Brenner, D.O., both of Bexar County, Texas; USAP (Texas) LC and U.S. Anesthesia Partners of Texas, P.A., both of Travis County, Texas; Star Anesthesia, PLLC, of Dallas County; Star Anesthesia, P.A., of Bexar County; and Star Anesthesia Associates, P.L.L.C of Frisco County, Texas. *See* Vorheier's Third Amended Original Petition, Exhibit 19. That case is now pending before the Honorable Karen H. Pozza. Ms. Vorheier has reserved her federal constitutional claims for presentation in federal court.  The nature, severity, and extent of Ms. Vorheier's medical injuries and the harm to her quality of life give rise to the reasonable expectation that a jury will award Ms. Vorheier substantially more than $250,000 in non-economic damages.  *See* Declaration of Andrew Holcomb, Counsel for Plaintiff Sharon Vorheier, Exhibit 20, and Expert Witness Report of Dr. William J. Mazzei, M.D., Exhibit 21. Ms. Vorheier also reasonable expects

that the defendants in her underlying tort action will seek to enforce the non-economic damage cap of section 74.301, and that absent the relief sought here the state trial court will apply that section to bar any non-economic damages awarded by a jury in excess of $250,000. Any settlement offers made by defendants will necessarily assume that non-economic liability cannot exceed $250,000.

20.    Plaintiffs Veronica Castro and Alejandro Pastrano, individually and as next friend of their daughter, H.P., a minor, allege that H.P. suffered severe and permanent brain damage at birth at Christus Santa Rosa Hospital—Westover Hill in Bexar County, Texas in 2019 due to a failure to identify or timely treat fetal distress. The petition, timely filed in the 166th Judicial District Court in Bexar County, Texas in 2020, alleges that the nurses at Christus Santa Rosa Health Care Corporation d/b/a Christus Santa Rosa Hospital—Westover Hills, PLLC, Angela Akonye, MD and her employer Women's Center of Westover Hills, PLLC, Amy Gonzales, MD and Rene Perez, MD and his employer Alamo Women's Obstetrics and Gynecology, PLLC, all of Bexar County, Texas, were negligent in failing to appropriately monitor and assess mother and baby during labor, respond to concerning fetal heart rate patterns during labor, recognize labor abnormalities, provide resuscitative measures and timely intervene to effect delivery. *See* Castro Pastrano First Amended Original Petition, Exhibit 22. The case is now pending in the 166th Judicial District Court. The nature, severity and extent of H.P.'s medical injuries and harm to her quality of life give rise to the reasonable expectation that a jury will award the victim substantially more than $250,000 in non-economic damages. *See* Declaration of Erica Maloney, Counsel for Plaintiffs Veronica Castro and Alejandro Pastrano, individually and as next friend of their daughter, H.P., Exhibit 23.

21.    Plaintiffs Candace Keen and George R. Keen III as next friend of their daughter, E.K., a minor, allege that E.K. suffered severe and permanent brain damage at birth at North Central Baptist Hospital in Bexar County in 2013 due to a failure to identify or timely treat fetal distress. The petition, timely filed in the 408th Judicial District Court in Bexar County, Texas in 2020, alleges that the nurses at VHS San Antonio Partners, LLC d/b/a North Central Baptist Hospital and obstetricians Mark E. Thompson, MD and his employer Northeast OB/GYN Associates, PLLC, all of Bexar County, Texas, were negligent in failing to appropriately monitor and assess mother and baby during labor, respond to concerning fetal heart rate patterns during labor, recognize labor abnormalities, provide resuscitative measures and timely intervene to effect delivery. *See* Keen Third Amended Original Petition, Exhibit 24. The case is now pending in the 208th Judicial District Court.  The nature, severity and extent of E.K.'s medical injuries and harm to her quality of life give rise to the reasonable expectation that a jury will award the victim substantially more than $250,000 in non-economic damages. *See* Declaration of Erica Maloney, Counsel for Plaintiffs Candace Keen and George R. Keen III as next friend of their daughter, E.K., Exhibit 25.

22.    Plaintiff Ernest Molina alleges that he suffered from heparin induced thrombocytopenia (HIT) during treatment due to the maladministration of heparin in Nueces County, Texas, in 2014.  Mr. Molina timely filed suit in the 105th District Court of Nueces County, Texas, in 2016, alleging medical negligence against Christus Spohn Hospital Corpus Christi—Shoreline, Christus Spohn Health System Corporation, Heriberto Tejada, M.D., and Yvonne Manalo, M.D., all of Nueces County, Texas.  *See* Molina Second Amended Original Petition, Exhibit 26.  That case is now pending before the

Honorable Jack W. Pulcher. The nature, severity, and extent of Mr. Molina's medical injuries and the harm to his quality of life give rise to the reasonable expectation that a jury will award Mr. Molina substantially more than $250,000 in non-economic damages. *See* Declaration of Andrew Holcomb, Counsel for Plaintiff Ernest Molina, Exhibit 27, and Expert Witness Report of Dr. Leon C. Landau, M.D. and Dr. Charna Klein, M.D., Exhibit 28.

23.    Plaintiffs Jaclyn Andrada and Jason Andrada, Individually and as Next Friends of R. A., a Minor, allege that R. A. suffered from hypoxic ischemic encephalopathy (HIE) during her delivery and resuscitation in New Braunfels, Texas in 2018 due to the failure to recognize that R. A. was in the vertex/breech position on the date of the cervical ripening/induction of labor. The petition, timely filed in the 150th Judicial District Court in Bexar County, Texas in 2020, alleges that the doctors, nurses and responsible employees at Christus Santa Rosa Health Care Corporation d/b/a Christus Santa Rosa Hospital-New Braunfels of Bexar County, Texas and Mary E. Geldernick, M.D. of Comal County, Texas, failed to assess position and confirm vertex presentation of R. A. on the date of cervical ripening and/or high-dose induction of labor, beginning cervical ripening and/or high-dose induction of labor when R. A. was in a breech presentation, failed to properly evaluate and monitor Jaclyn Andrada's progression of labor, failed to timely recognize that R. A. was in distress and properly respond, and failed to ensure that a NNP/neonatologist was timely present at a high risk delivery to resuscitate R. A. *See* Plaintiffs' Original Petition, Exhibit 29. The Andradas' underlying health care liability action is now pending before the Honorable Monique Diaz. The nature, severity and extent of R. A.'s medical injuries and the harms to her family relationship and quality of life give rise to the reasonable

expectation that a jury will award the Andradas substantially more than $250,000 in non-economic damages. *See* Declaration by Sean Lyons, Counsel for Plaintiffs Jaclyn Andrada and Jason Andrada, Individually and as Next Friends of R. A., a Minor, Exhibit 30.

24.    Twenty-six year-old plaintiff Melissa Mikulec of Tarrant County, Texas, has filed suit in the 153rd District Court of Tarrant County, Texas, alleging that she is permanently paralyzed and incapable of having children as a result of the intraoperative monitoring team's failure to recognize a loss of nerve signal to her lower extremities during spinal surgery.  Defendants include Neurodiagnostic Tex, LLC, Gerard Poche, MD, and Center for Neurological Disorders, PA. Neurodiagnostic Tex, LLC and Dr. Poche's primary duty during the procedure was to monitor for signal loss and alert the surgeon so that he could reverse or correct the offending action in real time.  *See* Mikulec Second Amended Petition, Exhibit 31. The nature, severity, and extent of Mrs. Mikulec's medical injuries give rise to the reasonable expectation that a jury will award her substantially more than $250,000 in non-economic damages.  *See* Declaration of Benjamin T. Landgraf, Counsel for Melissa Mikulec, Exhibit 32.

25.    Candace Horton, Individually and as next friend of Pamela Steel, alleges that her daughter developed hypoxic ischemic encephalopathy as a result of the negligent delay in performing a cesarean section in the face of clear signs of fetal distress.  Ms. Horton timely filed suit in the 190th District Court of Harris County, Texas, in 2020 alleging medical negligence against CHI St. Luke's Health Memorial Medical Center-Lufkin, Baylor College of Medicine, and Rachel Sullivan, M.D.    *See* Horton Second Amended Original Petition, Exhibit 33. The case is now pending before the Honorable Beau Miller. The nature, severity, and extent of Pamela Steel's medical injuries and the harm to her

quality of life give rise to the reasonable expectation that a jury will award her substantially more than $250,000 in non-economic damages.  *See* Declaration of Benjamin C. Feiler, Counsel for Plaintiff Candace Horton, Individually and as next friend of Pamela Steel, Exhibit 34.

26.    Jessica Wilmore, Individually and as next friend of J.W., alleges that her son developed hypoxic ischemic encephalopathy as a result of the mismanagement of her labor, including the negligent failure to recognize and appropriately respond to ominous fetal heart monitor tracings, failure to discontinue or reduce a Pitocin infusion, and delay in performing cesarean section.  Ms. Wilmore timely filed suit in the 241st District Court of Smith County, Texas, in 2020 alleging medical negligence against Defendants Tyler Regional Hospital, LLC, D/B/A UT Health Tyler, Ralph J. Turner, M.D., and Zeid Women's Health Center, Ltd.  *See* Wilmore Original Petition, Exhibit 35. The case is now pending before the Honorable Jack Skeen.  The nature, severity, and extent of J.W.'s medical injuries and the harm to his quality of life give rise to the reasonable expectation that a jury will award him substantially more than $250,000 in non-economic damages. *See* Declaration of H.C. Chang, Counsel for Plaintiff Jessica Wilmore, Exhibit 36.

27.    Each of these plaintiffs reasonably expects that the defendants in the underlying tort action will seek to enforce the non-economic damage cap of section 74.301, and that, absent the relief sought here, the state trial court will apply that section to bar any non-economic damages awarded by a jury in excess of $250,000.  Accordingly, any settlement offers made by defendants will necessarily assume that non-economic liability cannot exceed $250,000.

28.    Each plaintiff has preserved their federal constitutional claims for presentation in federal court.

**B.    Health Care Provider Defendants**

29.    The named healthcare defendant in the underlying medical negligence action of David Winnett is Brannon R. Frank, M.D.  He may be served with process by serving him at Direct Orthopedic Care, 3110 Guadalupe Street, Suite 100, Austin, TX 78705.

30.    Named defendants in the underlying medical negligence action of Susan Jacobson Bailey are Binh Pham, MD, of Travis County, Texas; Austin Gastroenterology, P.A. d/b/a Austin Gastroenterology Bailey Square, of Travis County, Texas; Elizabeth Moorehead, MD, of Travis County, Texas; Austin Radiological Association d/b/a ARA Diagnostic Imaging, of Travis County, Texas; and Mangesh Bhatta, MD, of Travis County, Texas. Defendant, Austin Gastroenterology, P.A. d/b/a Austin Gastroenterology Bailey Square, may be served with process by serving its Registered Agent for service, Bruce A. Levy, at 9211 Waterford Centre Blvd., Ste. 200, Austin, TX 78758. Defendant, Binh Pham, MD may be served with process by serving him at his place of business, 1111 W. 34th Street, Suite 200, Austin, TX 78705, or wherever he may be found. Defendant, Austin Radiological Association d/b/a ARA Diagnostic Imaging may be served with process by serving its Registered Agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. Defendant, Elizabeth Moorehead, MD may be served with process by serving her at her place of business, 4515 Seton Center Parkway, Suite 105, Austin, TX 78759, or wherever she may be found. Defendant, Mangesh Bhatta, MD may be served with process by serving

him at his place of business, 919 E. 32nd St., Austin, Texas 78705, or wherever he may be found.

31.    Named defendants in the underlying medical negligence action of Lolita Scott, Jeremy Scott, Ashley Combs, as next friend of LXXX SXXXX, are Austin Regional Clinic, P.A., of Travis County, Texas; Austin Regional Clinic, of Travis County, Texas; Deborah Kay Countie, M.D., of Travis County, Texas; Donald Kreag Murphey, M.D., of Travis County, Texas; Taj M. Khan, M.D., of Harris County, Texas; Peds Intensivists of America, PLLC, of Harris County, Texas; and Michael Gennrich, M.D., of Travis, County, Texas. Defendant, Austin Regional Clinic, P.A., may be served with process by serving its registered agent for service, Kevin A. Reed, 5608 Parkcrest Drive, Suite 200, Austin, Texas 78731-4999. Defendant, Austin Regional Clinic, may be served with process by serving Katherine Campbell of Ballard Simmons & Campbell, LLP, 5113 Southwest Parkway, Suite 200, Austin, Texas 78735. Defendant, Deborah Kay Countie, M.D., may be served with process by serving her at her place of business, 4515 Seton Center Parkway, Suite 220, Austin, Texas 78759, or wherever she may be found. Defendant, Donald Kreag Murphey, M.D., may be served with process by serving him at his place of business, 1301 Barbara Jordan Blvd., Suite 200-B, Austin, Texas 78723, or wherever he may be found. Defendant, Taj M. Khan, M.D. may be served with process by service him at his place of business, 6621 Fannin Street, Houston, Texas 77030, or wherever he may be found. Defendant, Peds Intensivists of America, PLLC, may be served with process by serving its registered agent, Taj M. Khan, 25722 Serene Spring Lane, Spring, Texas 77373. Defendant, Michael Gennrich, M.D, may be served with process by serving him at his place

of business, 415 Seton Parkway, Ste. 220, Austin, Texas 78759, or wherever he may be found.

32.    Named defendants in the underlying medical negligence action of  Juan Silva are Central Texas Medical Center of Hays County, Texas; Adventist Health System/Sunbelt, Inc. of Dallas County, Texas; Austin Radiological Association, ARA Diagnostic Imaging, Shankar Arul, M.D., and David J. Shaw, M.D. Defendants Central Texas Medical Center and Adventist Health System/Sunbelt, Inc. may be served with process by serving their registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Defendants Austin Radiological Association and ARA Diagnostic Imaging may be served with process by serving their registered agent, Doyle Rabe, 12554 Riata Vista Circle, Austin, Texas 78727.  Defendant Shakur Arul, M.D., may be served with process by serving him at 2301 Bluebonnet Lane #6, Austin, Texas 78704 or wherever he may be found. Defendant David J. Shaw, M.D., may be served with process by serving him at 2801 Rollingwood Drive, West Lake Hills, Texas 78747 or wherever he may be found.

33.    Named defendants in the underlying medical negligence action of Morgan Olney and Michael Rangel, Individually and as Next Friend of M. R., a minor, are St. David's Healthcare Partnership, L.P., LLP d/b/a St. David's Georgetown Hospital, of Williamson County, Texas; Georgetown OB-GYN Unified, PLLC, of Williamson County, Texas; and John V. Sherman, M.D. of Williamson County, Texas. Defendant St. David's Healthcare Partnership, L.P., LLP d/b/a St.  David's Georgetown Hospital may be served with process by serving its registered agent for service of process, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136. Defendant, Georgetown OB-GYN

Unified, PLLC may be served with process by serving its registered agent for service of process, UPM Service Corp., 15303 North Dallas Parkway, Suite 650, Addison, TX 75001. Defendant, John V. Sherman, M.D., may be served with process by serving him at his place of business, 602 High Tech Dr., Georgetown, TX 78626, or wherever he may be found.

34.    Named defendants in the underlying medical negligence action of plaintiff Sidney Garcia, Individually and as next friend of Efren Garcia, in the Garcia case are Methodist Health Centers and Houston Methodist Sugar Land Hospital, both of Dallas County, Texas; Cullen Andrew Hebert M.D, of Fort Bend County, Texas; Miles Griffin, NP and Amari C. Thomas, NPC, both of Harris County, Texas; and TMH Physicians Associates, PLLC of Dallas County, Texas.    Defendants Methodist Health Centers, Houston Methodist Sugar Land Hospital and TMH Physician Associates, PLLC, may be served with process by serving their registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Defendant Cullen Andrew Hebert, M.D., may be served with process by serving him at his place of business, 16655 Southwest Freeway, Sugar Land, Texas 77479.  Defendant Miles Griffin, NP may be served with process by serving him at his place of business, 6565 Fannin Street, Fondren 270, Houston, Texas 77030.  Defendant Amari C. Thomas, NP-C may be served with process by serving him at his place of business, 6720 Bertner Ave #MC1-226, Houston, Texas 77030.

35.    Named defendants in the underlying medical negligence action of Sharon Vorheier are  Ronald Baker King, Jr., M.D., John Russell Brenner, D.O., and Star Anesthesia P.A., all of Bexar County, Texas; USAP (Texas), LC and Anesthesia Partners of Texas, P.A., both of Travis County, Texas; Star Anesthesia, PLLC, of Dallas County, Texas; and Star Anesthesia Associates, P.L.L.C., of Frisco County, Texas.  Defendants

21

Ronald Baker King, Jr., M.D. and John Russell Brenner, D.O. may be served with process by serving them at 3510 N. Loop 1604 E., San Antonio, Texas 78247, or wherever they may be found. Defendants USAP (Texas) LC and U.S. Anesthesia Partners of Texas, P.A., may be served with process by serving their registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever they may be found. Defendant Star Anesthesia, P.A., may be served with process by serving its registered agent, Steve Robert, 45 NE Loop 410 Suite 900, San Antonio, Texas 78216. Defendant Star Anesthesia, PLLC, may be served with process by serving its registered agent, C. T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Defendant Star Anesthesia Associates, P.L.L.C., may be served with process by serving its registered agent, Omid Ghalambor, 14908 Devonshire Lane, Frisco, Texas, 73035.

36. Named defendants in the underlying medical negligence action of Veronica Castro and Alejandro Pastrano, individually and as next friend of their daughter, H.P., a minor, are Christus Santa Rosa Health Care Corporation d/b/a Christus Santa Rosa Hospital—Westover Hills, Angela Akonye, MD, Women's Center of Westover Hills, PLLC, Amy Gonzales, MD, Rene Perez, MD and Alamo Women's Obstetrics and Gynecology, PLLC. Defendant Christus Santa Rosa Health Care Corporation d/b/a Christus Santa Rosa Hospital—Westover Hills may be served with process by serving its registered agent Corporation Services Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Defendant Women's Center of Westover Hills, PPLC may be served with process by serving its registered agent, Angela Akonye, 11212 State Highway 151, Suite 200, San Antonio, Texas 78251. Defendant Angela Akonye, MD may be served with process by

serving her at 1315 N. Ellison, San Antonio, Texas 78251. Defendant Amy Gonzales, MD may be served with process by serving her at 11212 State Highway 151, Medical Plaza 2, Suite 350, San Antonio, Texas 78251. Defendant Rene Perez, MD may be served with process by serving him at 11212 State Highway 151, Medical Plaza 2, Suite 350, San Antonio, Texas 78251. Defendant Alamo Women's Obstetrics and Gynecology, PLLC may be served with process by serving its registered agent 11212 State Highway 151, Suite 200, San Antonio, Texas 78251.

37.    Named defendants in the underlying medical negligence action of Candace Keen and George R. Keen III as next friend of their daughter, E.K., are VHS San Antonio Partners, LLC d/b/a North Central Baptist Hospital, Mark E. Thompson, MD, and Northeast OB/GYN Associates, PLLC. Defendant VHS San Antonio Partners, LLC d/b/a North Central Baptist Hospital may be served with process by serving its registered agent CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. Defendant Mark E. Thompson, MD may be served with process by serving him at 5000 Schertz Parkway, Ste. 100, Schertz, Texas 78154. Defendant Northeast OB/GYN Associates may be served with process by serving its registered agent Bruce D. Akright, 5000 Schertz Parkway, Ste. 100, Schertz, Texas 78254.

38.    Defendants Christus Spohn Hospital Corpus Christi—Shoreline, Christus Spohn Health System Corporation, Heriberto Tejada, M.D., and Yvonne Manalo, M.D., all of Nueces County, Texas, are the named defendants in the underlying medical negligence action of plaintiff Ernest Molina.  They can be expected to rely upon the caps of §§ 74.301 and 74.302 in any settlement negotiations, and to seek enforcement of the cap if the jury's non-economic damage verdict exceeds the cap amount.  Defendants Christus Spohn

Hospital Corpus Christi—Shoreline and Christus Spohn Health System Corporation may be served with process by serving their registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Defendant Heriberto Tejada, M.D. may be served with process by serving him at 613 S. Elizabeth Street, Suite 512, Corpus Christi, Texas 78404.  Defendant Yvonne Manalo, M.D., may be served with process by serving her at 1415 Santa Fe, Suite C., P.O. Box 3069, Corpus Christi, Texas 78463.

39.     The named Defendants in the underlying medical negligence action of Plaintiffs Jaclyn Andrada and Jason Andrada, Individually and as Next Friends of R. A., a Minor, are Christus Santa Rosa Health Care Corporation d/b/a Christus Santa Rosa Hospital-New Braunfels of Bexar County, Texas and Mary E. Geldernick, M.D. of Comal County, Texas.  Defendant Christus Santa Rosa Health Care Corporation d/b/a Christus Santa Rosa Hospital-New Braunfels may be served with process by serving its registered agent for service of process, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218. Defendant Mary E. Geldernick, M.D. may be served with process by serving her at her place of business, 505 North Union Ave., New Braunfels, Texas 78130.

40.     Named defendants in the underlying medical negligence action of Melissa Mikulec are Neurodiagnostic Tex, LLC, Gerard Poche, MD, and Center for Neurological Disorders, P.A. Defendant, Neurodiagnostic Tex, LLC, can be served with process by serving its registered agent, Catherine M. Boldery, at 1356 Old Creek Dr., Tyler, TX 75703. Defendant, Gerard Poche, M.D. may be served at his primary practice address, at 1000 Houston St., Suite 200, Fort Worth, TX 76102. Defendant, Center for Neurological

Disorders, P.A., can be served with process by serving its registered agent, Carter Hampton, at 1000 Houston St., Suite 200, Fort Worth, TX 76102.

41.    Named defendants in the underlying medical negligence case of Candace Horton, Individually and as Next Friend of Pamela Steel, are Defendant CHI St. Luke's Health Memorial Medical Center - Lufkin, Baylor College of Medicine and Rachael Sullivan, M.D.  Defendant CHI St. Luke's Health Memorial Medical Center - Lufkin can be served by serving its registered agent, C T Corporation System 1999 Bryan St., Ste 900, Dallas TX 75201-3136.5. Defendant Baylor College of Medicine can be served by serving its registered agent, James Banfield, One Baylor Plaza, Suite106A, Houston, TX 77030. Defendant Rachael Sullivan, M.D. can be served at her place of business, 1105 Frank Ave., Suite 200, Lufkin, TX 75904.

42.    Named defendants in the underlying medical negligence case of Jessica Wilmore, Individually and as next friend of J.W., are Tyler Regional Hospital, LLC, D/B/A UT Health Tyler, Ralph J. Turner, M.D. and Zeid Women's Health Center, Ltd. Defendant Tyler Regional Hospital, LLC, D/B/A UT Health Tyler can be served with process through its registered agent Corporation Service Company, 211 E. 7th St. Suite 620, Austin, Texas 78701-3218.  Defendant Ralph J. Turner, M.D. can be served with process at his work address, at 825 Medical Dr., Tyler, Texas 75701.  Defendant Zeid Women's Health Center, Ltd. is a Texas resident and does business in Texas, and can be served with process through its registered agent Yasser F. Zeid, at 705 East Marshal Avenue, Suite 3000, Longview, TX 75601.

C. **Judicial Defendants**

43.    Defendant Hon. Darlene Byrne is a judge of the 126th Judicial District Court of Travis County, Texas.  In that capacity, Judge Byrne presides over health care liability actions, including that of David Winnett, a named plaintiff herein, and absent the relief sought here will have the absolute, non-discretionary duty in Mr. Winnett's case and any other such case to apply the non-economic damage cap of §§ 74.301 and 74.302 to any damage award that exceeds the cap amount.  Defendant Hon. Byrne may be served with process at 126th District Court, 1000 Guadalupe, Austin, Texas 78701.

44.    Defendant Hon. Amy Clark Meachum is a judge of the 201st Judicial District Court of Travis County, Texas. In that capacity, Judge Meachum presides over health care liability actions, including that of Susan Jacobson Bailey, a named plaintiff herein, and absent the relief sought here will have the absolute, non-discretionary duty in Ms. Bailey's case and any other such case to apply the non-economic damage cap of §§ 74.301 and 74.302 to any damage award that exceeds the cap amount.  Defendant Hon. Amy Clark Meachum may be served with process by serving her at 201st District Court, 1000 Guadalupe, 3rd floor, Austin, TX 78701.

45.    Defendant Hon. Dustin M. Howell is a judge of the 200th Judicial District Court of Travis County, Texas.  In that capacity, Judge Howell presides over health care liability actions, including that of Lolita Scott, a named plaintiff herein, and absent the relief sought here will have the absolute, non-discretionary duty in Ms. Scott's case and any other such case to apply the non-economic damage cap of §§ 74.301 and 74.302 to any damage award that exceeds the cap amount.  Defendant Hon. Howell may be served with process at 200th District Court, 1000 Guadalupe, Austin, Texas 78701.

46.     Defendant Hon. Jan Soifer is a judge of the 345th Judicial District Court of Travis County, Texas. In that capacity, Judge Soifer presides over health care liability actions, including that of Juan Silva, a named plaintiff herein, and absent the relief sought here will have the absolute, non-discretionary duty in Mr. Silva's case and any other such case to apply the non-economic damage cap of §§ 74.301 and 74.302 to any damage award that exceeds the cap amount. Defendant Hon. Jan Soifer may be served with process by serving her at 345th District Court, 1000 Guadalupe, 5th Floor, Austin, Texas 78701.

47.     Defendant, the Honorable Lora Livingston, is the judge of the 261st Judicial District Court of Travis County, Texas. In that capacity, Judge Livingston presides over health care liability actions, including that of Morgan Olney and Michael Rangel, the named Plaintiffs herein, and absent the relief sought here will have the absolute, non-discretionary duty in Plaintiffs' case, and any other such case, to apply the non-economic damage cap of §§74.301 and 74.302 to any damage award that exceeds the cap amount. Defendant, the Honorable Lora Livingston, may be served with process by serving her at 261st District Court, Travis County Courthouse, 1000 Guadalupe, 3rd Floor, Austin, Texas 78701.

48.     The liability of the foregoing individual and entity health care defendants in the plaintiffs' underlying medical negligence actions will be limited by the cap at issue absent the relief sought here. Any settlement negotiations that may take place will be conducted in the shadow of the cap, and its legal status will greatly influence any settlement negotiations. By seeking to enforce the cap in the courts of Texas and through the judicial defendants, these defendants are cloaked with state authority, and their actions, whether in concert with the official defendants or otherwise, are fairly attributable to the state for

27

purposes of this lawsuit. In addition, the judicial defendants are charged in these cases with enforcing the damage cap. The relief sought as to the judicial defendants is declaratory and injunctive as to enforcement of the cap.

## VI.    CLASS ACTION ALLEGATIONS

49.    This action is brought by plaintiffs, on behalf of themselves and others similarly situated, as a class action under Fed. R. Civ. P. 23(a) and 23(b)(2). The proposed plaintiff class also meets the criteria of Fed. R. Civ. P. 23(b)(1)(A).

50.    The proposed plaintiff class in this suit consists of all individuals who have suffered personal injuries as a result of negligent medical treatment in Texas and who have filed, or who may file in the future, health-care liability claims in Texas courts against health-care providers and health-care institutions for damages that, given the nature, extent, and severity of the medical injuries involved, are reasonably likely to exceed the non-economic damage cap at issue in this case.

51.    The named plaintiffs herein are members of the class they seek to represent, and as individuals have standing to bring this action. They have each filed civil suits alleging negligent medical treatment. Each named plaintiff alleges that the non-economic damages reasonably likely to be awarded in his or her underlying tort action will exceed the cap at issue, and each named plaintiff supports this allegation with a declaration of counsel under 28 U.S.C. § 1746 based on his or her attorney's professional experience.

52.    Joinder of all members of the proposed plaintiff class is impracticable because of the numerosity, geographical dispersion, and limited financial resources of class members. It is infeasible to identify and issue individual notice to the plaintiffs in every health-care liability action now pending in all the courts of Texas. Furthermore, the plaintiff class includes persons injured by medical negligence who may contemplate filing health-

care liability actions but have not yet done so and therefore cannot be identified. On information and belief, some of these cases will be filed, while others will not be pursued because of the adverse economic impact of the damage caps on the value of the cases in light of the costs of litigation, rather than because of any evaluation of the claims' merits. In other words, many class members will be impossible to identify precisely because of the harm that the caps at issue imposes on them.

53.    The claims in this action raise questions of law and fact that are common to all members of the proposed plaintiff class, namely, questions regarding the federal constitutionality of the non-economic damage cap of H.B. 4. The relief sought in this action by each and every member of the plaintiff class is the same: a declaration that the cap at issue violates the Seventh Amendment to the Constitution of the United States and that the Seventh Amendment applies to the States.

54.    The claims for relief asserted by the named plaintiffs in this action are typical and representative of the claims of each member of the plaintiff class under Fed. R. Civ. P. 23(a)(3), and indeed are identical to those of every other class member.

55.    The named plaintiffs as class representatives will fairly and adequately represent the interests of the class as a whole under Fed. R. Civ. P. 23(a)(4), both because their underlying tort claims are strong and viable and because of the competence and experience of class counsel. The Center for Constitutional Litigation, P.C. ("CCL"), and its principal have been involved in numerous constitutional challenges to statutory restrictions on tort remedies across the United States, and are recognized as one of the nation's leading litigation firms in this area of the law. The attorneys serving as local

counsel for the plaintiffs in this action are all able and experienced lawyers in representing victims of medical malpractice in Texas courts.

56.    The health care providers and health care institutions named as defendants herein will seek to enforce the cap by limiting the recoveries in the underlying tort actions brought by the named plaintiffs and the members of the class they represent, regardless of a jury's assessments of damages above the cap. The defendants therefore will act "on grounds generally applicable to the plaintiff class" under Fed. R. Civ. P. 23(b)(2), thereby making appropriate declaratory relief with respect to the plaintiff class as a whole.

57.    The prosecution of separate actions by individual members of the plaintiff class would create a risk of inconsistent or varying adjudications as to the federal constitutionality of the cap at issue, which would necessarily establish different rules of recovery and different standards of conduct for parties opposing the class within the meaning of Fed. R. Civ. P. 23(b)(1)(A).

**VII.    COUNT I—DECLARATION THAT THE CAPS ON MEDICAL MALPRACTICE DAMAGES VIOLATES THE SEVENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES**

58.    The allegations of each and every preceding paragraph of this Complaint are incorporated herein by reference.

59.    The Seventh Amendment to the federal Constitution preserves the right to trial by jury in "suits at common law."

60.    That right is fundamental to principles of liberty and justice that are at the core of Anglo-American civil and political institutions, central to our system of jurisprudence, and essential to a fair trial as a fundamental right. As such, it qualifies for application to the States.

61.     The Seventh Amendment's guarantee of jury trials in "suits at common law" extends the jury trial right to all claims that were accorded trial by jury at common law at the time the Seventh Amendment was ratified.

62.     Health care liability actions covered by the challenged caps are "suits at common law" within the meaning of the Seventh Amendment.

63.     The caps purport by legislation to redetermine compensable damages in the most serious individual health-care liability actions, irrespective of the evidence adduced and found credible and proper by the jury and judge. The cap thus plainly invades the jury's exclusive province in a manner foreign to and subversive of the Seventh Amendment's guarantees.

64.     By substituting a legislative judgment for the jury's determination of the proper amount of damages in each individual health care liability action, the cap at issue violates, and absent the relief sought here,, will continue to violate, the Seventh Amendment to the Constitution of the United States.

## XII.    **PRAYER FOR RELIEF**

WHEREFORE, the above-named plaintiffs, individually and on behalf of the class of medical negligence victims they represent, pray for the following relief:

65.     That the Court define and certify the plaintiff class described herein;

66.     That the Court take any and all other appropriate steps to protect the rights of the class members as alleged herein;

67.     That the Court declare that the Seventh Amendment satisfies the criteria for incorporation, making it applicable to the States, and that the alternate non-economic damage caps of Tex. Civ. Prac. & Rem. Code Ann. §§ 74.301 & 74.302 violate the federal Constitution as alleged herein;

68.     That the Court permanently enjoin enforcement of the damage caps contained in Tex. Civ. Prac. & Rem. Code Ann. §§ 74.301 & 74.302;

69.     That the Court award the plaintiffs their reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920; and

70.     That the Court award such other and further relief as it deems just and proper.

Date: _____. 2020

Respectfully Submitted,

**HAMPTON AND KING**

By: _  /s/Hartley Hampton_____
HARTLEY HAMPTON
State Bar No. 08874400
Federal ID: 3122
hhampton@hamptonking.com
Hampton & King
2603 Augusta Drive, Suite 1300
Houston, Texas 77057
(713) 658-0231 (Telephone)
(713) 650-6458 (Facsimile)

By: _/s/ Robert S. Peck (*pro hac vice forthcoming*)_
Robert S. Peck
President
Center for Constitutional Litigation, PC
2117 Leroy Place, NW
Washington, DC 20008-1848
(202) 944-2874
robert.peck@cclfirm.com

**PERDUE & KIDD**

By: *Jim M. Perdue, Jr.*
    Jim M. Perdue, Jr.
    State Bar No. 00788180
    Email:  jperduejr@perdueandkidd.com
    777 Post Oak Blvd., Suite 450
    Houston, Texas 77056
    Tel: (713) 520-2500
    Fax: (713) 520-2525

**WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM & JACOB, PLLC**

By:  */s/Eugene W. Brees*
EUGENE W. BREES
State Bar No. 02947500
cbrees@nationaltriallaw.com
7500 Rialto Blvd, Bldg Two, Suite 250
Austin, Texas 78735
512/476-4346
512/476-4400 Fax

**ROSS & SCALISE**

By:  */s/Daniel B. Ross*
DANIEL B. ROSS
State Bar No. 00789810
dan@rosslawgroup.com
1104 San Antonio Street
Austin, Texas 78701
512/474-7677
512/474-5306 Fax

**BROWN, CHRISTIE & GREEN**

By: __*/s/Andrew Holcomb*_____
Charles D. Brown
Texas Bar No: 24026966
Andrew Holcomb
Texas Bar No: 24101921
Bonnie Christie
Texas Bar No. 24081132
Melanie D. Medina
Texas Bar No: 24106295
712 Main Street, Suite 800
Houston, Texas 77002
Telephone: 832-767-1673
Facsimile: 832-767-1783
Email: firm@bcg.law


**LYONS & LYONS, P.C.**

By: __*/s/Clem Lyons*_____
Clem Lyons
State Bar No. 12742000
Clem@lyonsandlyons.com
Sean Lyons
State Bar No. 00792280
Sean@lyonsandlyons.com
126 Villita Street
San Antonio, Texas 78205
Telephone: (210) 225-5251
Telefax: (210) 225-6545


**MALONEY LAW GROUP, P.L.L.C**.

By: __*/s/Michael Maloney*_____
MICHAEL MALONEY
State Bar No. 12883300
mikem@maloneylawgroup.com
BYRON B. MILLER
State Bar No. 24074716
byron@maloneylawgroup.com
918 S. Alamo St.
San Antonio, Texas 78205
Telephone: (210) 228-0400
Facsimile: (210) 758-5908

34

**LAW OFFICE OF RYAN KREBS, MD, JD**

By: ____*/s/Ryan Krebs*_____
RYAN KREBS
State Bar No. 00792088
ryan@ryankrebsmdjd.com
805 W. 10th Street, Suite 300
Austin, Texas 78701
Telephone: (512) 478-2072
Facsimile: (512) 494-0420

**McGEHEE ✯ CHANG, LANDGRAF, FEILER**

By: __*/s/ Jack E. McGehee (admission forthcoming)*
Jack E. McGehee
TBN 13623700
jmcgehee@lawtx.com
H. C. Chang
TBN 24031930
hcchang@lawtx.com
Benjamin T. Landgraf
TBN 24072199
blandgraf@lawtx.com
Benjamin C. Feiler
TBN 24093427
bfeiler@lawtx.com
10370 Richmond Ave., Suite 1300
Houston, Texas 77042
(713) 864-4000
(713) 868-9393 fax

**WINCKLER & HARVEY, L.L.P.**

By: ____*/s/Jay Harvey*_____
Jay Harvey
State Bar No. 09179600
4407 Bee Cave Road, Bldg. 2, Suite 222
Austin, Texas 78746
Telephone: (512) 306-1800
Facsimile:  (512) 306-9442
Email: jharvey@wincklerharvey.com